ELIAS CROCKER, PLAINTIFF, v. LEVI CROCKER, DEFENDANT.

*Right of way — how location of, may be determined — Patent ambiguity — parol evidence not admissible to explain.*

In a conveyance of certain land, a right of way was reserved for a portion thereof "from the public highway along the        side of sub-lot, No.      to the river, not less than      feet wide." *Held*, that the reservation of the right of way was not void for uncertainty. The parties interested could locate it by agreement, or by acts, conduct and declarations indicating a practical location, accompanied by user from and after the date of the creation of the right of way.

*Held*, further, that parol evidence of prior agreements between the parties, as to the location of the right of way, was inadmissible, (1) because the ambiguity was patent and therefore could not be explained by parol evidence; (2) because all prior negotiations and contracts were merged in the deed.

MOTION for a new trial, upon exceptions ordered to be heard in the first instance at the General Term, after a verdict for the defendant.

*O. W. Chapman*, for the plaintiff.

*G. W. Hotchkiss*, for the defendant.

BOARDMAN, J.:

Samuel Crocker owned a farm, comprising land on the north bank of the Susquehanna river, and part of an island south, out in the river. The river runs west, and a highway north of the river also runs west, through the farm. Samuel Crocker had four sons, Eli, Levi, Elias and Hiram. In 1852, he conveyed to all four

of his boys, by two deeds, this farm; to each the one equal undi-vided fourth part of the whole. In 1853, he and all the boys united in a deed by which they all agreed that the farm proper should be divided into three pieces by lines running southerly to the river; that Eli, Levi and Elias should have, each, one of these three pieces, and that Hiram should have the island, " with a right of way for the owner of this portion of the island from the public highway along the      side of sub-lot No.      to the river, not less than      feet wide."

A survey and map were made, cutting the farm up into three pieces, numbered one, two and three. The map does not have the island upon it. Eli took the west strip, running south to the river, and called in the deed No. 1. Levi took the middle strip called No. 2, also running south. Elias took the east strip called No. 3, also running south; and Levi, as trustee for Hiram, took the island called No. 4.

Defendant claimed the right, under the deed, to throw the right of way on the west side of No. 3, plaintiff's land. This claim plaintiff disputed. Defendant, as the representative of Hiram, proposed to go across there. Plaintiff forbade him. Defendant went across, and plaintiff sued him for trespass to settle the question.

Upon the trial the court held that the deed conveyed a right of way to the owner of No. 4, to which plaintiff excepted. Also that the location of such way could be fixed and determined by proof of conversations and agreements of the parties to such par-tition deed, prior to the execution of such deed, and at or prior to the survey made for the purpose of such partition. To the admission of such proof the plaintiff excepted. These two exceptions present the chief questions to be considered. By the pleadings the plaintiff claimed to own the premises on which the trespass was alleged to have been committed. The defendant, after a general denial, claimed to own a right of way over such premises.extending from the high-way to the island along the west line of plaintiff's land, and that the use of such right of way was the supposed trespass. The case was tried upon such issue.

The plaintiff insists that the deed of the right of way was void for uncertainty. In this I think the plaintiff errs. The location of such way is not given, but all the parties to this deed in partition,

agree that the owner of the island farm shall have " a right of way * * * from the public highway to the river." By reference to the other language in the deed, and to the description of the farm and the comparative location of the several parts, it is an inevitable construction, that such way was given to the owner of the island farm over that portion of the farm lying between the river and the highway. It might be contended that such way, in the absence of a particular description, should follow the old way through lot No. 2, as the same had been used prior to such partition, and as an appurtenant or easement of the island farm. It might be claimed that the defendant could select a way over the shore farm, where it would least injure the owners, until such owners should set apart a suitable and convenient way; but these suggestions need not be considered. They illustrate possible consequences of a neglect to define the way by the instrument creating it.

If I am so far right, the blanks and uncertain words used to define the way, are meaningless and incapable of construction or use to settle this dispute. It would follow that a right of way exists, which the parties interested therein could locate by agreement, or by acts, conduct, declarations and acquiescence, indicating a practical location, accompanied by user from and after the date of the creation of such right of way. It is not, however, intended to assert that the defendant might not claim and hold the old way through lot No. 2, as the same was used before the partition. Much evidence was given upon the trial, of the ways used by the occupants of the island, after the date of the partition deed, in 1853.

Sometimes the old way through lot No. 2 was used, and sometimes a way along the west side of lot No. 3. The ways used seem to have depended much upon the convenience of the persons having occasion to use them. There is also evidence of the acts and declarations of plaintiff, after 1853, tending to establish the way on his west line, as is claimed to be right and just by the defendant. All this evidence was competent to establish a practical location of this way, by the parties to this action, on plaintiff's west line, if the jury should have so found. But another class of evidence was admitted, consisting of conversations and agreements made by parol, by and between the parties to the partition deed, before such deed was made or executed. The object of such evidence was to

determine where the right of way was then to be located, for the purpose of supplying the defect in the deed, and with the purpose that the deed should be read as if it contained such prior agreements and understandings. I do not understand such evidence was admissible under the facts of this case.

As we have seen, the deed conveyed a right of way without locating it. The only ambiguity, if one existed, was as to the location. That was patent. Parol evidence is not admissible to explain a patent ambiguity. But there was no ambiguity in the deed. It was a simple neglect to define the location of the way. Proof of extrinsic facts could not make the deed define such way. The location, if established by proof, is not aided by the deed. The proof, therefore, of contracts prior to the deed, was not in aid of the deed, but rather to vary its terms, to enlarge its meaning, and to give specific rights and charge the land in a manner and to an extent not done by the deed. It was evidence at variance with the legal effect of the deed, and as such was inadmissible. But I think the evidence was inadmissible, for the further reason, that all prior negotiations and contracts were merged in the deed. The very fact that the deed did not fix the locality of the way, was evidence that the parties had not agreed thereon. The only way in which such evidence could have been proper, would have been in an action or defense seeking to reform the deed and correct the mistake by inserting therein the words and figures omitted. In such an action such evidence would have been admissible, in connection with evidence showing that the omissions in the deed were the result of mutual mistake and accident. But such was not the issue presented for trial, or tried. The parties rested upon their respective legal rights. The evidence of transactions prior to the partition deed, must have had a serious influence upon the deliberations of the jury. As such evidence in my opinion was improper, a new trial must be granted, with costs to abide the result.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Motion granted, costs to abide event.